**STATE**

v.

**Paul AUBIN.**

**No. 91–667–C.A.**

Supreme Court of Rhode Island.

March 18, 1993.

Jeffrey Pine, Atty. Gen., Steven D. Murray, Asst. Atty. Gen., for plaintiff.

Stephen Cicilline, Gregory Acciardo, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before this court on March 2, 1993, pursuant to an order requiring both parties to appear and show cause why this appeal should not be summarily decided.

The state appeals from a Superior Court order granting the motion of defendant, Paul Aubin, to suppress a weapon seized on the night he was arrested. At 3:15 a.m. on February 18, 1989, Providence police became suspicious of a vehicle partially parked on the sidewalk of High School Avenue. As two officers approached the vehicle, a companion of defendant fled the scene. One of the officers approached the vehicle and asked defendant for his license and registration. As defendant searched the glove compartment, the officer, in order to follow defendant's hands, simultaneously shone a flashlight and leaned slightly into the open window of the vehicle. As the officer leaned into the vehicle, he noticed a gun between defendant's feet on the floor of the vehicle. The gun was partially beneath the seat. The defendant was subsequently arrested and charged with conspiracy to commit robbery, possession of a firearm without a license, and carrying a firearm while attempting to commit robbery. The defendant did not object to the initial police approach of the vehicle but objected to the search.

The trial justice relied on *State v. Marshall*, 120 R.I. 306, 387 A.2d 1046 (1978), and ruled that because of the officer's "leaning into" the vehicle, he was not in a lawfully permitted position to view the weapon. The trial justice held that the weapon was not in plain view because it was observed subsequent to the officer's intruding into the vehicle. Consequently he held that the plain-view exception to the warrant requirement could not be invoked and thus the gun could not be allowed into evidence.

"The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" *Pennsylvania v. Mimms*, 434 U.S. 106, 108–09, 98 S.Ct. 330, 332, 54 L.Ed.2d 331, 335 (1977). In *Mimms* the defendant was lawfully stopped and asked to step out of the vehicle. As the defendant alighted from the vehicle a police officer noted a bulge under his jacket. Fearing that the bulge might be a weapon, the officer frisked the defendant and in fact discovered a weapon. In discussing the intrusion of requiring the defendant to step out of the vehicle, the Court weighed the state's interest in protecting the lives of police officers from unnecessary risks against the intrusion into the driver's personal liberty by ordering him out of the vehicle. "What is at most a *mere inconvenience* cannot prevail when balanced against legitimate concerns for the officer's safety." (Emphasis added.) *Id.*, at 111, 98 S.Ct. at 333, 54 L.Ed.2d at 337. The *Mimms* Court held that requiring a defendant to alight from a lawfully stopped vehicle was a de minimis intrusion and did not violate the Fourth Amendment.

We are guided by *Mimms* in our analysis. The officer testified that in order to have plain view of defendant's hands, he leaned less than one foot into the vehicle. We believe that slightly leaning into an open window and shining a flashlight into the vehicle to follow a defendant's hands does not rise to the level of the de minimis intrusion noted in *Mimms*. "'[The] use of a searchlight is comparable to the use of a marine glass or a field glass. It is not prohibited by the Constitution.'" *Texas v. Brown*, 460 U.S. 730, 740, 103 S.Ct. 1535, 1542, 75 L.Ed.2d 502, 512 (1983). A police officer may have to stand at attention in the presence of superior officers, but we refuse to impose a duty that police officers must be parade-ground rigid when stopping a vehicle.

The police officer's leaning into the vehicle was at most a mere inconvenience to defendant. This was an inherently dangerous situation. The suspiciously parked vehicle, with defendant's companion fleeing the scene, was approached at 3:15 a.m. We believe that the officer's shining a flashlight and leaning slightly into the vehicle diminishes the possibility, otherwise substantial, that the driver could make unobserved movements; thus the likelihood that the officer would have been assaulted was reduced. *Mimms*, 434 U.S. at 110, 98 S.Ct. at 333, 54 L.Ed.2d at 336.

The intrusion noted in *Marshall* was much more serious. The officer in *Marshall* opened a rear door of the vehicle without justification. In the present case the officer was communicating with the defendant and carefully viewing the defendant's hands through an open window. In this instance we do not find that there was an intrusion. Consequently we hold that the officer was in a lawfully permitted position to view the gun. The gun should be admitted into evidence under the plain-view doctrine as outlined in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. The trial justice committed error in suppressing the weapon. The state's appeal is therefore sustained, the judgment appealed from is reversed, and the papers of the case are remanded to the Superior Court.